(25 Misc. Rep. 727.)

### AMERICAN GROCERY CO. v. PIRKL.

(Supreme Court, Appellate Term. January 23, 1899.)

1. RES JUDICATA—SALES—PERFORMANCE BY SELLER.

    A judgment in favor of the seller for the full contract price of goods, which the purchaser has refused to receive, as not being such as ordered, is an adjudication that the seller has fully complied with the contract,

and a bar to an action by the purchaser to recover back the price paid pursuant to the judgment.

2. SAME.

Where the purchaser refuses to receive goods as not being of the kind ordered, and they remain in the seller's hands, and the seller sues for the price, and recovers, the judgment imports that the purchaser is the owner of the goods, and that the seller holds them for him.

Appeal from municipal court, borough of Manhattan, First district.

Action by the American Grocery Company against John Pirkl. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Olcott & Olcott, for appellant.

Frank Trenholm, for respondent.

BEEKMAN, P. J. The pleadings in this action are in writing. The plaintiff alleges that it purchased from the defendant two iron grates, of a certain kind, for which it paid him the sum of $250; that the defendant failed to furnish grates of the kind specified; and that a demand was thereafter made upon the defendant for the performance of the contract, or that the amount which had been so paid by the plaintiff should be refunded, with which demand the defendant had refused to comply. Judgment is accordingly demanded for the said sum of $250.

It appears that the defendant entered into a contract with the plaintiff to perform certain work, labor, and services, and to furnish certain materials connected therewith. Among the latter were the grates, or, as they are sometimes styled, "patent lights," above mentioned. After the work was completed, the defendant, Pirkl, brought an action against the American Grocery Company, the plaintiff here, to recover the sum of $333.81 for the services which had been so rendered, and for the materials, including said grates, which had been supplied. An answer was interposed, and, after a trial had been had, a verdict was rendered in favor of Pirkl for the full amount of his claim, which included the sum of $250 on account of the grates in question; and judgment was entered accordingly, which was subsequently paid by the American Grocery Company. It appears that, when the grates were furnished, the latter refused to receive them, and they were left on the hands of the defendant. The judgment above referred to was pleaded by the defendant as a bar to this action, and was received in evidence in support of such plea. Notwithstanding this, the trial justice has rendered judgment in favor of the plaintiff, and the question here presented is whether the judgment so pleaded was a bar to the maintenance of this action. We are of opinion that it was, and that the complaint should have been dismissed. The question as to the performance of the contract by Pirkl was necessarily involved in the action in which the judgment was recovered, and such judgment was necessarily a determination that Pirkl had fully complied therewith, and that the grates in question were of the kind which the plaintiff herein had ordered. It was a final adjudication upon the matters involved here, and, under familiar principles, the plaintiff was pre-

cluded from again bringing them into question. It is claimed, however, on behalf of the latter, that it has paid for something which it has not got, as the grates continued in possession of the defendant after its refusal to receive them, and have not been returned. This, however, is not a sufficient reason to sustain the recovery sought, in the form of action which has been resorted to here. The rendition of the judgment above referred to necessarily imported that the plaintiff here was the owner of the grates in question, and that the defendant held them in his possession for the owner, and subject to its order. The plaintiff is therefore entitled to reclaim them, and, if delivery is refused on demand, it has its remedy by action to recover them or their value. It follows that the judgment in this action must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.